# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM MCDONAL-ALEJO,<br><br>    Defendant. | 1:13-CR-382-02-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant William McDonal-Alejo's ("Defendant") Motion in Limine to Exclude Evidence [102].

On September 25, 2014, Defendant moved in limine to exclude evidence of his legal status and prior criminal history. Defendant contends that his legal status and prior criminal history are not relevant under Rule 401 of the Federal Rules of Evidence ("FRE"), inadmissible under Rule 404 of the FRE, and their probative value is substantially outweighed by the danger of unfair prejudice under Rule 403 of the FRE. On October 9, 2014, the Government responded to the Defendant's Motion in Limine. The Government agrees to not mention or otherwise introduce evidence of Defendant's legal status and prior criminal history at Defendant's criminal trial without first obtaining the Court's permission.

Defendant also moved to exclude prior statements that he made, on May 14, 2013, to officers of the DeKalb High Intensity Drug Trafficking Area Task Force. Defendant contends that he told the officers about his alleged involvement with co-defendant David Romero-Nietro's drug deliveries because the officers made an implied promise that Defendant would receive the minimum sentence under federal law. The Defendant requests an evidentiary hearing under Jackson v. Denno, 378 U.S. 368 (1964) ("Jackson/Denno") to determine whether his prior statements are voluntary and thus admissible at trial. The Government does not oppose the Defendant's request for a Jackson/Denno hearing to determine whether Defendant's prior statements are admissible at his criminal case.

Finally, Defendant requests that the Court enter an order directing the government to disclose the statements of any co-conspirator that the Government intends to use against the Defendant. The Government anticipates that it will call one co-conspirator to testify against Defendant, and the Government has agreed to comply with its disclosure obligations under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure. The Government represents that it will disclose these co-conspirator statements no later than the close of business on the business day before the co-conspirator testifies at Defendant's trial.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine relating to evidence regarding Defendant's legal status in the United States and Defendant's prior criminal history is **GRANTED**, and the Government shall not admit this evidence in Defendant's criminal trial unless the Government establishes its relevance and admissibility outside the presence of the jury.

**IT IS FURTHER ORDERED** that the Defendant's Motion in Limine for a Jackson/Denno hearing is **GRANTED**. The Court will, at the pre-trial conference scheduled for October 20, 2014, at 2:30 p.m., conduct a Jackson/Denno hearing to determine the admissibility of Defendant's prior statements,

**IT IS FURTHER ORDERED** that the Defendant's Motion in Limine regarding the co-conspirator's statements is **DENIED AS MOOT** because the Government agrees to disclose any statement or report of co-conspirator statements no later than 5:00 p.m. on the business day immediately preceding the day the co-conspirator is expected to be called to testify at trial.

**SO ORDERED** this 15th day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE